UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO

| | |
|---|---|
| **JENNIFER GIROUX,** *et al.* | Case No. 1:22-CV-309 |
| Plaintiffs, | Judge McFarland |
| v. | |
| **FRANK LaROSE,** *individually and in his official capacity as Ohio Secretary of State*, *et al.*, | **MOTION FOR TEMPORARY RESTRAINING ORDER, PRELIMINARY INJUNCTION AND PERMANENT INJUNCTION** |
| Defendants. | |

Plaintiffs JENNIFER GIROUX and LISA DALY hereby move this Court, pursuant to Rule 65 of the Federal Rules of Civil Procedure, for issuance of a temporary restraining order, a preliminary injunction, and permanent injunction so as to enjoin and restrain *Directive 2022-34* issued by Ohio Secretary of State FRANK L<small>A</small>ROSE on Saturday, May 28, 2022, wherein FRANK L<small>A</small>ROSE imposed a petition-filing deadline of February 2, 2022, for those seeking to be candidates for, *inter alia*, state representative at the forthcoming primary election finally set and scheduled to be held on August 2, 2022. Plaintiffs JENNIFER GIROUX and LISA DALY further request issuance of a temporary restraining order, a preliminary injunction, and permanent injunction against Defendants HAMILTON COUNTY BOARD OF ELECTIONS and its individual members prohibiting them prohibited from rejecting or otherwise taking adverse actions concerning the declaration of candidacy and petition of JENNIFER GIROUX, that they immediately process the declaration of candidacy and petition filed by JENNIFER GIROUX on May 1, 2022, consistent with the process of all other declarations of candidacy and petitions of those seeking to appear on the ballot at the forthcoming election and, in turn, to proceed to place the name of JENNIFER GIROUX on the ballot at the forthcoming primary

1

election to be held on August 2, 2022, as a candidate for state representative for her respective districts based on the state legislative district map adopted by a three-judge panel of this Court effective May 28, 2022.

## MEMORANDUM IN SUPPORT

**I.  INTRODUCTION**

Over the course of the past several months, the State of Ohio, through the actions or omissions of numerous government officials, has sown confusion and indefiniteness concerning the entire electoral process in the State of Ohio.  Such government-created chaos has resulted in would-be candidates and the general public left to guess and speculate as to the entire process, especially as it concerns state legislative elections and the districts related thereto.  During the past eight months, five state legislative district maps having been adopted but then subsequently invalidated.  Ultimately, though unfortunately, the intervention of this federal court was necessary this past Friday in order for state legislative district maps to be established and an ensuing primary election date established.  *See Gonidakis v. LaRose*, 2022 U.S. Dist. LEXIS 95341, at *5 (S.D. Ohio May 27, 2022)("[a]ssuming no [state legislative district] map is approved by midnight on Saturday, May 28, we order Secretary of State Frank LaRose to push back Ohio's state primaries to August 2, 2022, and to implement Map 3 for this year's elections only").

In order to implement the just-established primary election, Secretary of State LAROSE issued *Directive 2022-34* on Saturday, May 28, 2022. Within *Directive 2022-34,* Secretary LAROSE provided the following mandate to the various boards of elections concerning individuals who had filed to be candidates at the forthcoming primary election:

> *The filing deadline for candidates for State Representative, State Senator, or Member of State Central Committee to file a declaration of candidacy was 4:00 p.m. on February 2, 2022*. Write-in candidates for the primary election were required to file their declaration of intent to be a write-in candidate by February 22, 2022. *If a declaration of candidacy or declaration of intent to be a write-in candidate was filed after those filing deadlines, the board must reject the candidacy*.

*Directive 2022-34, sec. IV* (emphases added and footnotes omitted), attached to *Verified Complaint* (Doc. No. 1), as *Exhibit A* (PageID#17-25).

Notwithstanding the foregoing, JENNIFER GIROUX complied with the requirements of state law in order to appear on the ballot at the forthcoming primary election as a candidate for state representative, *i.e.*, she filed a declaration of candidacy and petition for state representative greater than 90 days before the now-established primary election day of August 2, 2022, and she paid the requisite fee. However, and as developed below, through *Directive 2022-34*, Secretary LaRose has imposed an undue and unconstitutional burden upon the free speech and associational rights of JENNIFER GIROUX, as well as her supporters, including LISA DALY, as *Directive 2022-034* fails to satisfy the requirements of *Anderson-Burdick* with respect to the placement of the name of JENNIFER GIROUX on the ballot as a candidate for state representative at the forthcoming primary election. Accordingly, immediate injunctive relief is necessary in order to protect and vindicate the constitutional rights of JENNIFER GIROUX and LISA DALY, as well as the constitutional rights of other supporters of JENNIFER GIROUX.

## II.  FACTS

A three-judge panel of this Court previously set forth in detail the facts and procedural history concerning the now eight-month struggle by the State of Ohio, through the actions or omissions of numerous government officials, to adopt and implement district maps for the Ohio General Assembly and elections thereto. *See Gonidakis v. LaRose*, No. 2:22-cv-0773, 2022 U.S.

3

Dist. LEXIS 72172, 2022 WL 1175617 (S.D. Ohio Apr. 20, 2022). Through a series of five proposed legislative district maps being adopted by the Ohio Redistricting Commission only to be invalidated by a majority on the Ohio Supreme Court, individuals considering whether to seek election to the Ohio General Assembly, as well as who other ascertaining who to support in such efforts, have faced uncertainty and *non sequiturs* throughout the process.

Under Ohio law, the filing deadline for those seeking a party nomination as a candidate for the Ohio General Assembly is established by *Ohio Rev. Code 3513.05*:

> [e]ach person desiring to become a candidate for a party nomination at a primary election… shall, not later than four p.m. of the ninetieth day before the day of the primary election, file a declaration of candidacy and petition and pay the fees required under divisions (A) and (B) of section 3513.10 of the Revised Code.

Thus, when the primary date for the Ohio General Assembly was originally May 3, 2022, the filing deadline was February 2, 2022. However, even by that date, the State of Ohio was ripe with government-created chaos on what state legislative district maps even existed and when the primary election would actually be held, sowing doubt and confusion for potential candidates and their supporters.

By February 2, 2022, the Ohio Redistricting Commission had adopted *Map 1* but, on January 12, 2022, a majority of the Ohio Supreme Court invalidated *Map 1*. As of February 2, 2022, *Map 2* was in placed since its adoption on January 22, 2022. Yet, on February 7, 2022, *i.e.*, five days after the filing deadline for the primary that was to be held on May 3, 2022, the Ohio Supreme Court invalidated *Map 2*. In light of the invalidation of *Map 2*, those candidates who had just filed their declarations of candidacy and petitions, as well as the general public, were left in the dark and unknown as to what the state legislative district maps would ultimately be applicable at any forthcoming primary – be on May 3, 2022, or another date.

4

In the meantime, a group of citizens of Ohio sought the aid the federal courts with respect to the chaos abounding in the effort to established state legislative district maps. *See Gonidakis v. LaRose*, Case No. 2:22-cv-0773 (S.D. Ohio). When two succeeding maps adopted by the Ohio Redistricting Commission, *i.e.*, *Map 3* and *Map 4*, were subsequently invalidated by a majority on the Ohio Supreme Court, the federal court recognized it could no longer avoid not intervening or meddling in matters of state government. In order to allow for a timely primary election to be held in advance of the general election in November and after *Map 4* had been invalidated on April 14, 2022, the three-judge panel of this Court ultimately had to intervene to protect the constitutional rights of the people of the State of Ohio.

In an order issued on April 20, 2022, a three-judge panel of this Court recognized that "no map exist[ed], uncertainty persist[ed], and nothing ensure[d] that a state-legislative election will happen at all," yet "everyone agree[d] that legal and practical requirements preclude[d] Ohio from holding a primary election for its state legislature on May 3, the date provided by statute." *Gonidakis v. LaRose*, No. 2:22-cv-0773, 2022 U.S. Dist. LEXIS 72172, 2022 WL 1175617 (S.D. Ohio Apr. 20, 2022). Recognizing that "[b]y now everyone agrees that legal and practical requirements preclude Ohio from holding a primary election for its state legislature on May 3, the date provided by statute," the three-judge panel still held out "hope that the State can resolve the deadlock. But the Supreme Court has told us that at some point we must intervene to protect the right to vote." Gonidakis v. LaRose, No. 2:22-cv-0773, 2022 U.S. Dist. LEXIS 72172, at *5-6, 2022 WL 1175617 (S.D. Ohio Apr. 20, 2022). Thus, at that stage, the three-judge panel did not order immediate relief but, instead, indicated the relief that was imminent:

> So we stay our hand until May 28. But if the State remains unable to implement its own valid map that satisfies federal law, then we must implement Map 3 to safeguard the rights of Ohio's voters…. [and ]we will order that the state-legislative primary races be held on the special-election date of August 2, 2022.

*Gonidakis v. LaRose*, No. 2:22-cv-0773, 2022 U.S. Dist. LEXIS 72172, at *8-9, 2022 WL 1175617 (S.D. Ohio Apr. 20, 2022).

With no indication or prospect of state officials being able to do that which they had been incapable of doing for the past seven months, though recognizing some prospect of finality and definitiveness to what the state legislative district maps would be and when the primary election would be held in light of the pronouncement and order of the three-judge panel on April 20, 2022, JENNNIFER GIROUX starting circulating a petition on April 25, 2022, in order to be a candidate for state representative for the now-apparent primary of August 2, 2022.  On May 1, 2022, JENNIFER GIROUX filed a declaration of candidacy and a petition, together with the appropriate filing fee, with the HAMILTON COUNTY BOARD OF ELECTIONS to be a candidate for state representative.

Ultimately, though not surprising, officials with the State of Ohio did not adopt a valid map for the state legislative districts by May 28, 2022.  There upon, the three-judge panel in *Gonidakis* issued an order on May 27, 2022, implementing its prior pronouncement: "[a]ssuming no [state legislative district] map is approved by midnight on Saturday, May 28, we order Secretary of State Frank LaRose to push back Ohio's state primaries to August 2, 2022, and to implement Map 3 for this year's elections only." *Gonidakis v. LaRose*, 2022 U.S. Dist. LEXIS 95341, at *5 (S.D. Ohio May 27, 2022).

In response thereto, Secretary LaROSE issued *Directive 2022-034*, wherein he has decreed that, notwithstanding the primary election for, *inter alia*, state representative being on August 2, 2022, "[t]he filing deadline for candidates for State Representative… to file a declaration of candidacy was 4:00 p.m. on February 2, 2022," and, thus, "[i]f a declaration of candidacy…was filed after [that] filing deadline[], the board [of election] must reject the

6

candidacy." Thus, as a result of *Directive 2022-034*, the declaration of candidacy and supporting petition of JENNIFER GIROUX will not be processed by the HAMILTON COUNTY BOARD OF ELECTIONS and, in turn, the HAMILTON COUNTY BOARD OF ELECTIONS will, in compliance with *Directive 2022-034*, reject the candidacy of JENNIFER GIROUX for state representative and not place her name on the ballot at the forthcoming primary election now being held on August 2, 2022.

**III.　ARGUMENT**

*Plaintiffs satisfy the elements necessary for issuance of a Temporary Restraining Order, Preliminary Injunction and Permanent Injunction*

"A plaintiff seeking a preliminary injunction must establish that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of the equities tips in his favor, and that an injunction is in the public interest." *Winter v. Natural Res. Def. Council, Inc.*, 555 U.S. 7, 20 (2008). And "[t]he standard for granting a permanent injunction is essentially the same as the standard for granting a preliminary injunction, with the exception that the Plaintiff must show actual success on the merits rather than a mere likelihood of success." *Ohio EPA v. United States Dept' of Labor*, 121 F. Supp. 2d 1155, 1168 (S.D. Ohio 2000). "In the context of this case, 'a party is entitled to a permanent injunction if it can establish that it suffered a constitutional violation and will suffer 'continuing irreparable injury' for which there is no adequate remedy at law.'" *ACLU of Ky. v. McCreary Cty.*, 607 F.3d 439, 445 (6th Cir. 2010)(quoting *Women's Med. Prof'l Corp. v. Baird*, 438 F.3d 595, 602 (6th Cir. 2006)).

　　A.　**Plaintiffs Have Demonstrated Success on the Merits**

"The *Anderson-Burdick* framework governs First and Fourteenth Amendment challenges to ballot-access restrictions." *Kishore v. Whitmer*, 972 F.3d 745, 749 (6th Cir. 2020); *see Kowall*

*v. Benson*, 18 F.4th 542, 546 (6th Cir. 2021)("[c]ourts use *Anderson-Burdick's* sliding-scale framework to assess election-related ballot-access and freedom-of-association claims"). *Anderson-Burdick* also has been applied to equal protection claims implicating such rights. *Daunt v. Benson*, 956 F.3d 396, 406 (6th Cir. 2020); *see also Daunt v. Benson*, 999 F.3d 299, 314 (6th Cir. 2021)("*Anderson-Burdick* applies to a wide array of claims touching on the election process, including First Amendment and Equal Protection Clause claims"

"There are three steps to a court's analysis under *Anderson-Burdick*." *Lichtenstein v. Hargett*, 489 F. Supp. 3d 742, 764 (M.D. Tenn. 2020). "Under that test, a court must: (1) evaluate whether an election restriction imposes a severe or incidental burden; (2) assess the state's interests in the restriction; and (3) ask if the state's interests make the burden necessary." *Kowall v. Benson*, 18 F.4th 542, 546 (6th Cir. 2021).

**1. A filing deadline of 6 months ahead of the primary election imposes a severe burden upon the speech and associational rights of Plaintiffs and their supporters.**

"The first step of *Anderson-Burdick* is to consider the 'character and magnitude' of the restriction: 'severe' restrictions are subject to heightened scrutiny, 'minimally burdensome' restrictions are subject to rational-basis review, and regulations falling in the middle warrant a 'flexible analysis' that weighs the state's interests and chosen means of pursuing them against the burden of the restriction." *Libertarian Party of Ky. v. Grimes*, 835 F.3d 570, 574 (6th Cir. 2016). "The hallmark of a severe burden is exclusion or virtual exclusion from the ballot." *Id.* Thus, "[a] very early filing deadline, for example, combined with an otherwise reasonable petitioning requirement, can impose a severe burden…." *Id.* at 575. In fact, in the seminal case of the *Anderson-Burdick* analysis, the Supreme Court found that an early filing deadline not only

8

burdened the association rights of voters and candidates, but also placed a significant state-imposed burden on the electoral process itself. *See Anderson v. Celebrezze*, 460 U.S. 780, 790-95 (1983).

In the present case, it should be beyond cavil that, through *Directive 2022-34*, Secretary LAROSE has similarly imposed a significant or severe burden on the speech and associational rights of JENNIFER GIROUX, as well as her supporters, including LISA DALY, by imposing a filing deadline of 6 months in advance of the primary election of August 2, 2022. As the Supreme Court recognized in *Anderson*, "candidates and the issues simply do not remain static over time…. [Various developments] will certainly affect the strategies of candidates who have already entered the race; they may also create opportunities for new candidacies." *Anderson*, 460 U.S. at 790.

In the present situation, Secretary LAROSE through *Directive 2022-034* has imposed a filing deadline based upon state legislative district maps that did not even exists at the time, let alone that had been approved or were effective. The last eight months of government-imposed chaos in Ohio has been the epitome of a constantly changing landscape in the field of state legislative campaigns and the primary election itself, all leading to an uncertain dynamic for candidates and would be supporters. As of February 2, 2022, *i.e.*, the filing deadline being imposed by Secretary LAROSE through *Directive 2022-034*, one state legislature map, *i.e.*, *Map 1*, had already been adopted but invalidated (on January 12, 2022); and, as of that date, *Map 2* had been adopted and was in placed. Yet, that map, *i.e.*, *Map 2,* was subsequently invalidated by the Ohio Supreme Court five days later on February 7, 2022.

Simply stated, the current stated legislative district map that will ultimately be utilized for the primary election on August 2, 2022, *i.e., Map 3,* was not even in existence on February 2,

9

2022, let alone finalized as the map for which the primary election on August 2, 2022, would be conducted. It was not until three weeks after the filing deadline Secretary LaROSE has now imposed through *Directive 2022-034* that *Map 3* was adopted, *i.e.*, on February 24, 2022. Yet, *Map 3* was subsequently invalidated by the Ohio Supreme Court on March 16, 2022. And then the State of Ohio went through yet two additional legislative district maps (both declared invalid) before the three-judge panel of this Court finally put an end to the never-ending chaos.

Having afforded the state officials ample opportunity to adopt a valid state legislative district map but after *Map* 4 had been invalided on April 14, 2022, the three-judge panel ultimately had to intervene to protect the constitutional rights of the people of the State of Ohio. Recognizing that "[b]y now everyone agrees that legal and practical requirements preclude Ohio from holding a primary election for its state legislature on May 3, the date provided by statute," the three-judge panel still held out "hope that the State can resolve the deadlock. But the Supreme Court has told us that at some point we must intervene to protect the right to vote." *Gonidakis v. LaRose*, No. 2:22-cv-0773, 2022 U.S. Dist. LEXIS 72172, at *5-6, 2022 WL 1175617 (S.D. Ohio Apr. 20, 2022). While not immediately ordering relief, the three-judge panel was clear as to what would occur come May 28, 2022, if the state officials could not complete the task of redistricting the state legislature:

> So we stay our hand until May 28. But if the State remains unable to implement its own valid map that satisfies federal law, then we must implement Map 3 to safeguard the rights of Ohio's voters…. [and ]we will order that the state-legislative primary races be held on the special-election date of August 2, 2022.

*Id.*, at *8-9.

With no indication or prospect of state officials being able to do that which they had been incapable of doing for the past seven months, though recognizing some prospect of finality and definitiveness to what the state legislative districts would be and when the primary election

10

would be held, JENNNIFER GIROUX starting circulating a petition on April 25, 2022, in order to be a candidate for state representative at the now-apparent primary of August 2, 2022. And, greater than 90 days before the now-apparent primary date, she filed her declaration of candidacy and petition, together with the requisite filing fee, with the HAMILTON COUNTY BOARD OF ELECTIONS.

However, with Secretary LAROSE now directing boards of elections to reject any declaration of candidacy filed after February 2, 2022, JENNNIFER GIROUX will be completely excluded from the forthcoming primary ballot, *i.e.*, Secretary LAROSE will have imposed a severe burden upon the free speech and associational rights of JENNNIFER GIROUX and her supporters, including LISA DALY.

**2. Secretary LAROSE has not posited any interest or justification for a filing deadline 6 months ahead of the primary date.**

"Under the second step of the *Anderson/Burdick* framework, the Court must 'identify and evaluate the precise interests put forward by the State as justifications for the burden imposed by its rule.'" *Sarvis v. Judd*, 80 F. Supp. 3d 692 *(E.D. Va. 2015)(quoting *Anderson*, 460 U.S. at 789). At present, Secretary LAROSE has yet to posit any interest of the State of Ohio in any effort to justify a filing deadline of 6 months in advance of the primary election date, as well as any interest that justifies a filing deadline *before* the applicable state legislative district map is actually determined.

In *Anderson*, the Supreme Court made particular note of a filing deadline for a candidate in a party primary, acknowledging that such deadlines may be "adequately justified by administrative concerns." *Anderson*, 460 U.S. at 800. At that time, Ohio imposed a filing deadline of 75 days before the primary election which the Supreme Court described as "a reasonable time for processing the documents submitted by candidates and preparing the ballot."

11

*Id.* Since that time, Ohio enlarged the filing deadline to now being 90 days before the primary election:

> [e]ach person desiring to become a candidate for a party nomination at a primary election… shall, not later than four p.m. of the ninetieth day before the day of the primary election, file a declaration of candidacy and petition and pay the fees required under divisions (A) and (B) of section 3513.10 of the Revised Code.

*See Ohio Rev. Code 3513.05*.

But this case does not challenge or question the constitutionality of that 90-day filing deadline as JENNIFER GIROUX actually filed her declaration of candidacy and supporting petition greater than 90 days before the primary election now scheduled for August 2, 2022. What is challenged is the decree and fiat of Secretary LaRose in issuing *Directive 2022-34* wherein he unilaterally imposed the 6-month filing deadline for candidates in the primary election being held on August 2, 2022, a deadline *before* the legislative district maps were even adopted, let alone finalized as establishing the districts for the primary election.

### 3. In light of Secretary LaRose's prior representations, any interest to impose a 6-month filing deadline is not legitimate or strong.

"At the third step of *Anderson-Burdick*[,] [courts] assess whether the State's restrictions are constitutionally valid given the strength of its proffered interests." *Schmitt v. LaRose*, 933 F.3d 628, 641 (6th Cir. 2019). As noted above, a reasonable filing deadline affords elections officials adequate time in which to conduct administrative matters relating to reviewing declarations of candidacy and supporting petitions. And the Ohio General Assembly determined 90 days was an adequate period for such activities. *See Ohio Rev. Code 3513.05*. Yet, through *Directive 2022-34*, Secretary LaRose has double that period unnecessarily and without legitimate justification.

In fact, before the three-judge panel in *Gonidakis,* Secretary LAROSE argued in support of establishing the primary election date for the Ohio General Assembly as August 2, 2022, but, shockingly, specifically maintained that such a date was necessary in order to allow the primary election "to be conducted under regular order, taking into account all the primary election statutory deadlines provided in Ohio law. *See, e.g.*, Ohio Rev. Code § 3513.05 (the deadline for candidates to file their declaration of candidacy is 90 days before the primary election)." *See Ohio Secretary of State Larose's Response Brief to Plaintiffs' Second Amended Motion for a Preliminary Injunction*, filed in *Gonidakis v. LaRose*, No. 2:22-cv-0773 (S.D. Ohio). Yet, with the three-judge panel having established the primary election for the date Secretary LAROSE specifically sought, Secretary LAROSE has now negated any effort or commitment to conduct such primary election "under regular order" that takes into account "all the primary election statutory deadlines", including, specifically, the deadline for filing declaration of candidacy at least 90 days before the primary election contained in Ohio Rev. Code 3513.05.

But at the end of the day, there is no legitimate interest supporting or advancing the decree of Secretary LAROSE to impose a filing deadline of 6 months before the primary election. The Ohio General Assembly, as the final arbiter of public policy, *see Friedenberg v. Friedenberg*, 161 Ohio St. 3d 98, 161 N.E.3d 546, 2020-Ohio-3345 ¶18, has established 90 days as the standard through enactment of Ohio Rev. Code 3513.05.

  **B.**  **Plaintiff and her supporters will suffer irreparable injury or harm if the 6-month filing deadline imposed by *Directive 2022-034* is not immediately enjoined.**

"In the present situation the state laws place burdens on two different, although overlapping, kinds of rights – the right of individuals to associate for the advancement of political beliefs, and the right of qualified voters, regardless of their political persuasion, to cast

13

their votes effectively." *Williams v. Rhodes*, 393 U.S. 23, 30 (1968). And even a temporary deprivation of First Amendment rights is generally sufficient to prove irreparable harm. *National People's Action v. Village of Wilmette*, 914 F.2d 1008, 1013 (7th Cir. 1990). In fact, as the Sixth Circuit recognized in *Bonnell v. Bonnell*, 241 F.3d 800 (6th Cir. 2001), the irreparable injury inquiry is inextricably linked to the inquiry on the likelihood of success:

> In *Elrod v. Burns*, 427 U.S. 347, 373 (1976), the Supreme Court held that when reviewing a motion for a preliminary injunction, if it is found that a constitutional right is being threatened or impaired, a finding of irreparable injury is mandated. In other words, the first factor of the four-factor preliminary injunction inquiry - whether the plaintiff shows a substantial likelihood of succeeding on the merits - should be addressed first insofar as *a successful showing on the first factor mandates a successful showing on the second factor - whether the plaintiff will suffer irreparable harm.*

*Id.* at 809. Thus, as Plaintiffs have clearly satisfied the first prong of the preliminary injunction standard – demonstrating a strong likelihood of success on the merits – the irreparable injury standard is conclusively proven. Plaintiffs will suffer irreparable injury unless the 6-month filing deadline imposed by *Directive 2022-034* is immediately enjoined.

    **C.**    **The equities and public interest weigh in favor of immediate injunctive relief.**

"[T]he public interest includes having good candidate choices on the ballot." *Germalic v. Gant*, 2012 U.S. Dist. LEXIS 154432, at *8 (D.S.D. Oct. 26, 2012). Additionally, "[t]he public interest served by ensuring that individual voters may associate for the advancement of political beliefs and cast a vote for their preferred candidate … is extraordinary." *Griffin v. Padilla*, 417 F. Supp. 3d 1291, 1307 (E.D. Calif. 2019). And as other provisions of *Directive 2022-034* make clear, other administrative processes relating to the certification of candidates and the preparation of the ballot itself have not even been completed. As such, issuance of injunctive relief will not undermine or frustrate the now-set primary for August 2, 2022, as sufficient time still exists to ensure the placement of the name of JENNIFER GIROUX on the ballot at that primary election.

14

**IV.　CONCLUSION**

For the foregoing reasons, Plaintiffs requests that the Court issue a temporary restraining order, preliminary injunction, and permanent injunction so as to enjoin and restrain *Directive 2022-34* to the extent Defendant FRANK LAROSE, as the Ohio Secretary of State, has unconstitutionally imposed a petition-filing deadline of February 2, 2022, for those seeking to be candidates for, *inter alia*, state representative at the forthcoming primary election to be held on August 2, 2022, and that the HAMILTON COUNTY BOARD OF ELECTIONS and its individual members be prohibited from rejecting or otherwise taking adverse actions concerning the declaration of candidacy and petition of JENNIFER GIROUX, that they immediately process the declaration of candidacy and petition filed by JENNIFER GIROUX on May 1, 2022, consistent with the process of all other declarations of candidacy and petitions of those seeking to appear on the ballot at the forthcoming election and, in turn, to proceed to place the name of JENNIFER GIROUX on the ballot at the forthcoming primary election to be held on August 2, 2022, as a candidate for state representative for her respective districts based on the state legislative district map adopted by a three-judge panel of this Court effective May 28, 2022, together with any other relief to which she may be entitled in equity or in law.

Respectfully submitted,

 /s/ *Curt C. Hartman*
Curt C. Hartman
The Law Firm of Curt C. Hartman
7394 Ridgepoint Drive, Suite 8
Cincinnati, OH   45230
(513) 379-2923
*hartmanlawfirm@fuse.net*

Christopher P. Finney
Finney Law Firm LLC
4270 Ivy Pointe Blvd., Suite 225
Cincinnati, OH   45245
(513) 943-6650
*chris@finneylawfirm.com*

## CERTIFICATE OF SERVICE

      The undersigned does hereby certify, in compliance with Rule 65(b) of the Federal Rules of Civil Procedure, that a true and accurate copy of the foregoing Motion for Temporary Restraining Order, Preliminary Injunction, and Permanent Injunction, along with a copy of the Verified Complaint, was or will be served by e-mail on the 1st day of June 2022, upon the following:

Bridget C. Coontz
Section Chief, Constitutional Offices Section
Office of the Ohio Attorney General
30 East Broad Street, 16th Floor
Columbus, Ohio   43215-3431
(614) 728-2035
*Bridget.Coontz@OhioAttorneyGeneral.gov*

*Counsel for Ohio Secretary of State*
   *Frank LaRose*

David T. Stevenson
Office of the Hamilton County Prosecutor
230 East 9th Street, Suite 4000
Cincinnati, Ohio   45202
(513) 946-3120
*dave.stevenson@hcpros.org*

*Counsel for the Hamilton County*
   *Board of Elections*

 /s/ *Curt C. Hartman*