# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF OHIO

| | | |
|---|---|---|
| **JENNIFER GIROUX,** | : | Case No. 1:22-CV-309 |
| | : | |
| and | : | Judge _____ |
| | : | |
| **LISA DALY,** | : | |
| | : | |
| Plaintiffs, | : | **VERIFIED COMPLAINT** |
| | : | |
| v. | : | |
| | : | |
| **FRANK LaROSE,** *individually and in his official capacity as Ohio Secretary of State*, | : | |
| | : | |
| and | : | |
| | : | |
| **HAMILTON COUNTY BOARD OF ELECTIONS,** | : | |
| | : | |
| and | : | |
| | : | |
| **GWEN L. McFARLIN,**<br>Member, Hamilton County Board of Elections | : | |
| | : | |
| and | : | |
| | : | |
| **JOSEPH L. MALLORY**<br>Member, Hamilton County Board of Elections | : | |
| | : | |
| and | : | |
| | : | |
| **CHARLES H. GERHARDT III**<br>Member, Hamilton County Board of Elections | : | |
| | : | |
| and | : | |
| | : | |
| **ALEXANDER M. TRIANTAFILOU**<br>Member, Hamilton County Board of Elections, | : | |
| | : | |
| Defendants. | : | |

Now comes JENNIFER GIROUX and LISA DALY, and for their *Complaint*, hereby allege as follows:

## INTRODUCTION

1. Through issuance of *Directive 2022-34* on Saturday, May 28, 2022, Ohio Secretary of State FRANK LAROSE has unilaterally imposed an unconstitutional burden on the free speech, voting and associational rights of JENNIFER GIROUX as a candidate for state representative and those of her supporters, including LISA DALY, with respect to the forthcoming primary election to be held in the State of Ohio on August 2, 2022.

2. Through issuance of *Directive 2022-34*, Secretary FRANK LAROSE imposed a filing deadline of February 2, 2022, upon individuals seeking to be candidates for party nomination for, *inter alia*, state representative in the primary election that will be held in the State of Ohio on August 2, 2022.

3. Not only has Secretary FRANK LAROSE imposed a filing deadline for individuals seeking to be candidates for party nomination for, *inter alia*, state representative that is 6 months before the actual primary date, but he also imposed a filing deadline that was prior to the final determination and adoption of the state legislative district maps for which individuals would be candidates in the primary election to be held on August 2, 2022.

4. "The impact of candidate eligibility requirements on voters implicates basic constitutional rights." *Anderson v. Celebrezze*, 460 U.S. 780, 786 (1983).

5. In light of the chaos wrought through the acts or omissions of various state actors with respect to the establishment of the state legislative district maps for the Ohio General Assembly, as well as the primary election for nomination as a state representative or state senator, there is no state interest that constitutionally justifies imposing a filing deadline to be a candidate for party

nomination for, *inter alia*, state representative that is: (i) 6 months before the actual primary date; or (ii) before the final determination and adoption of the state legislative district map for which individuals would be candidates in the primary election to be held on August 2, 2022.

6. Accordingly, and pursuant to the First and Fourteenth Amendments to the United States Constitution, JENNIFER GIROUX, seeking immediate federal court intervention to protect her constitutional rights and the constitutional rights of her supporters and prospective voters, including LISA DALY, against the unconstitutional requirements imposed by Ohio Secretary of State FRANK LaROSE through *Directive 2022-034* or otherwise, as well as ensuring unconstitutional action pursuant to *Directive 2022-034* by the HAMILTON COUNTY BOARD OF ELECTIONS and its individual members.

## JURISDICTION & VENUE

7. This Court has jurisdiction pursuant to 28 U.S.C. § 1331, as this action arises under the First and Fourteenth Amendments to the United States Constitution; 28 U.S.C. § 1343(a)(3), in that it is brought to redress deprivations, under color of state law, of the rights, privileges, and immunities secured by the United States Constitution; 28 U.S.C. 1343(a)(4), in that it seeks to secure equitable relief under an Act of Congress, specifically, 42 U.S.C. § 1983, which provides a cause of action for the protection of civil rights; 28 U.S.C. § 2201(a) and Fed. R. Civ. P. 57, to secure declaratory relief; and 28 U.S.C. § 2202 and Fed. R. Civ. P. 65, to secure injunctive relief; and under 42 U.S.C. § 1988, to award attorneys' fees.

8. Venue is proper within this judicial district and division pursuant to 28 U.S.C. § 1391(b) and Local Rule 82.1, as (i) a Defendant is situated within this judicial district; and (ii) a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated within this judicial district.

**PARTIES**

9. Plaintiff JENNIFER GIROUX is a citizen of the State of Ohio and is a resident within Hamilton County, Ohio.

10. Plaintiff LISA DALY is a citizen of the State of Ohio and is a resident within Hamilton County, Ohio.

11. Defendant FRANK LAROSE is the Ohio Secretary of State and, in such capacity, is the chief election official for the State of Ohio, including issuing directives to the local county board of elections concerning the enforcement of Ohio's elections laws, including the directive and related statutes at issue herein. FRANK LAROSE is named herein both individually and in his official capacity.

12. Defendant HAMILTON COUNTY BOARD OF ELECTIONS is one of the 88 boards of elections established under Chapter 35 of the Ohio Revised Code for the implementation and enforcement of Ohio election laws at the county level, as well as in compliance with the directive issued by the Ohio Secretary of State, including *Directive 2022-34*.

13. Defendants GWEN L. McFARLIN, JOSEPH L. MALLORY, CHARLES H. GERHARDT III, and ALEXANDER M. TRIANTAFILOU are the four members of the HAMILTON COUNTY BOARD OF ELECTIONS.

14. Pursuant to R.C. 3501.11(P), the HAMITLON COUNTY BOARD OF ELECTIONS and its individual members have the obligation to undertake and perform the duties as prescribed by law or the rules, directives, or advisories of the secretary of state.

15. All actions taken by the Defendants herein were undertaken under color and pretense of state law.

**STATEMENT OF FACTS**

16. Since September 2021 to the present, various state legislative district maps for elections to the Ohio General Assembly have been adopted the Ohio Redistricting Commission only to be invalidated by a majority of the Ohio Supreme Court.

17. By April 20, 2022, "everyone agree[d] that legal and practical requirements preclude[d] Ohio from holding a primary election for its state legislature on May 3, the date provided by statute." *Gonidakis v. LaRose*, No. 2:22-cv-0773, 2022 U.S. Dist. LEXIS 72172, 2022 WL 1175617 (S.D. Ohio Apr. 20, 2022).

18. Yet, as of April 20, 2022, "no map exist[ed], uncertainty persist[ed], and nothing ensure[d] that a state-legislative election will happen at all." *Gonidakis v. LaRose*, No. 2:22-cv-0773, 2022 U.S. Dist. LEXIS 72172, 2022 WL 1175617 (S.D. Ohio Apr. 20, 2022).

19. Recognizing that "this court's intervention…can restore a lawful and orderly election by ensuring Ohio voters, candidates, and officials know the districts that will apply," a three-judge panel of this Court announced on April 20, 2022, that, "[i]n the event that Ohio does not reach a resolution [of the maps for the state legislature] before May 28, [it] will order that the state-legislative primary races be held on the special-election date of August 2, 2022" and the panel specifically identified the district map that would be implemented. *Gonidakis v. LaRose*, No. 2:22-cv-0773, 2022 U.S. Dist. LEXIS 72172, 2022 WL 1175617 (S.D. Ohio Apr. 20, 2022).

20. Ultimately, by May 27, 2022, the State of Ohio "[had] failed to act" and, thus, a three-judge panel of this Court ordered that, "[a]ssuming no map is approved by midnight on Saturday, May 28, we order Secretary of State Frank LaRose to push back Ohio's state primaries to August 2, 2022, and to implement Map 3 for this year's elections only." *Gonidakis v. LaRose*, No. 2:22-cv-0773, 2022 U.S. Dist. LEXIS 95341 (S.D. Ohio May 27, 2022).

21. In response to the foregoing order of the three-judge panel, Secretary LAROSE issued *Directive 2022-34* on Saturday, May 28, 2022.

22. A true and accurate copy of *Directive 2022-34* is attached hereto as *Exhibit A*.

23. Within *Directive 2022-34*, Secretary LAROSE provided the following directive (with emphasis added) to the various boards of elections, including the HAMILTON COUNTY BOARD OF ELECTIONS, concerning individuals seeking to be candidates for the state legislature at the forthcoming primary election now set for August 2, 2022:

> The filing deadline for candidates for State Representative, State Senator, or Member of State Central Committee to file a declaration of candidacy was 4:00 p.m. on February 2, 2022. Write-in candidates for the primary election were required to file their declaration of intent to be a write-in candidate by February 22, 2022. If a declaration of candidacy or declaration of intent to be a write-in candidate was filed after those filing deadlines, the board must reject the candidacy.

24. The foregoing provision of *Directive 2022-34* issued by Secretary LAROSE is directly contrary to the proposition and argument Secretary LAROSE made to the three-judge panel in *Gonidakis v. LaRose*, No. 2:22-cv-0773 (S.D. Ohio).

25. In *Ohio Secretary of State Larose's Response Brief to Plaintiffs' Second Amended Motion for a Preliminary Injunction* filed before the three-judge panel in *Gonidakis v. LaRose*, No. 2:22-cv-0773 (S.D. Ohio), Secretary LAROSE made the following argument in support of establishing the primary date for the General Assembly (with emphasis added):

> This Court should issue an order scheduling the 2022 General Assembly primary elections for August 2, 2022, because the General Assembly itself has not taken any action to schedule that primary and will not do so before April 20, 2022. This Court scheduling August 2 as the date of the General Assembly primary election will allow that election for these offices to be conducted under regular order, taking into account all the primary election statutory deadlines provided in Ohio law. See, e.g., Ohio Rev. Code § 3513.05 (the deadline for candidates to file their declaration of candidacy is 90 days before the primary election).

26. A true and accurate copy of *Ohio Secretary of State Larose's Response Brief to*

- 6 -

*Plaintiffs' Second Amended Motion for a Preliminary Injunction* is attached hereto as *Exhibit B*.

27. With no indication or prospect of state officials being able to do that which they had been incapable of doing for the past seven months, though recognizing some prospect of finality and definitiveness as to what the state legislative districts would be and when the primary election would be held in light of the pronouncement and order of the three-judge panel on April 20, 2022, JENNNIFER GIROUX starting circulating a petition on April 25, 2022, in order to be a candidate for state representative for the primary election of August 2, 2022.

28. Having obtained a sufficient number of signatures, JENNIFER GIROUX filed on May 1, 2022, a declaration of candidacy and a petition, together with the appropriate filing fee, with the HAMILTON COUNTY BOARD OF ELECTIONS to be a candidate for state representative at the now-apparent primary to be held on August 2, 2022.

29. True and accurate copies of the declaration of candidacy and petition filed by JENNIFER GIROUX with the HAMILTON COUNTY BOARD OF ELECTIONS is attached hereto as *Exhibit C*.

30. As indicated in the attached petition, *i.e.*, *Exhibit C*, LISA DALY supported the candidacy of JENNIFER GIROUX as a signatory on her petition, engaging in her rights of core political speech and association, and she further desires and intends to vote for JENNIFER GIROUX at the forthcoming primary election.

31. A true and accurate copy of the receipt indicating payment by JENNIFER GIROUX on May 1, 2022, to the HAMILTON COUNTY BOARD OF ELECTION of the requisite fee is attached hereto as *Exhibit D*.

32. Pursuant to Ohio Rev. Code 3513.05:

> [e]ach person desiring to become a candidate for a party nomination at a primary election… shall, not later than four p.m. of the ninetieth day before the day of the

primary election, file a declaration of candidacy and petition and pay the fees required under divisions (A) and (B) of section 3513.10 of the Revised Code.

33. Ninety days prior to August 2, 2022, is May 4, 2022.

34. Prior to May 4, 2022, JENNIFER GIROUX filed a declaration of candidate and petition with the HAMILTON COUNTY BOARD OF ELECTIONS to appear as a candidate for state representative at the primary election for August 2, 2022, together with paying the requisite fee.

35. However, through issuance of *Directive 2022-34*, Secretary LAROSE has imposed an undue and unconstitutional burden upon the free speech and associational rights of JENNIFER GIROUX, as well as her supporters, that fails to satisfy the requirements of *Anderson-Burdick*.

– **Overview of Ohio General Assembly Elections**–

36. The Ohio General Assembly is the legislative body for the State of Ohio. *Ohio Const., art. II, sec. 1*.

37. The Ohio General Assembly is bicameral, composed of the Ohio House of Representatives and the Ohio State Senate. *Ohio Const., art. II, sec. 1*.

38. The Ohio House of Representative is comprised of 99 members.

39. The Ohio State Senate is comprised of 33 members.

40. Members of the Ohio General Assembly are elected at the general elections held in even-numbered years from various districts established throughout the State of Ohio.

41. The Ohio Constitution requires that primaries be held for the Ohio General Assembly, although the details are filled out by statutes and regulation. *Ohio Const., art. V, sec. 7*.

– **Never-ending Chaos Concerning General Assembly Districts and the Primary Date** –
*General Assembly District Map 1 is Adopted and then Invalidated*

42. Following the 2020 federal decennial census, the Ohio Redistricting Commission adopted on September 16, 2021, its first General Assembly-district plan, *i.e.. Map 1*, for the Ohio

House of Representatives and the Ohio State Senate.

43. On September 23, 2021, various special interest groups and individuals filed lawsuits with the Ohio Supreme Court challenging the constitutionality of *Map 1* under state law.

44. Ultimately, *i.e.*, on January 12, 2022, nearly three-and-a-half months after the lawsuits were filed, the Ohio Supreme Court, in a 4-to-3 decision, invalidated *Map 1* and ordered the Ohio Redistricting Commission to be reconstituted and to "adopt a General Assembly-district plan in conformity with the Ohio Constitution." *See League of Women Voters of Ohio v. Ohio Redistricting Comm'n*, __ Ohio St. 3d__, __ N.E.3d__, 2022-Ohio-65 ¶138. The majority of the Ohio Supreme Court further ordered the Ohio Redistricting Commission to adopt the new General Assembly-district plan within 10 days thereof.

### *General Assembly District Map 2 is Adopted and then Invalidated*

45. On January 22, 2022, the Ohio Redistricting Commission adopted a second General Assembly-district plan, *i.e., Map 2*, for the Ohio House of Representatives and the Ohio State Senate.

46. Not surprisingly, the various special interest groups and individuals that filed the lawsuit challenging *Map 1*, filed objections with the Ohio Supreme Court challenging *Map 2*.

47. On February 7, 2022, the Ohio Supreme Court sustained, in a 4-to-3 decision, the objections relating to the *Map 2* and invalidated *Map 2*. *See League of Women Voters of Ohio v. Ohio Redistricting Comm'n*, __ Ohio St. 3d__, __ N.E.3d__, 2022-Ohio-342 ¶67. The majority of the Ohio Supreme Court further ordered the Ohio Redistricting Commission to adopt the new General Assembly-district plan within 10 days thereof.

48. When the Ohio Redistricting Commission was unable to adopt a new General Assembly-district plan by the latest deadline imposed by the majority of the Ohio Supreme Court,

the Commission filed a *Notice of Impasse* with the Ohio Supreme Court on February 18, 2022.

49. Without calling for a vote of the justices on the Ohio Supreme Court, the chief justice of the Ohio Supreme Court, acting alone, issued an order in the name of the Court on February 18, 2022, directing the members of the Ohio Redistricting Commission to show cause why they should not be held in contempt. *See 02/25/2022 Case Announcements #2,* 2022-Ohio-548 ¶6 (Kennedy, J., dissenting); *see also 02/18/2022 Case Announcements #2,* 2022-Ohio-498.

50. After the members of the Ohio Redistricting Commission timely responded to the show-cause orders, the chief justice of the Ohio Supreme Court, again acting alone and without a vote of the Court, issued an order requiring the members of the Ohio Redistricting Commission to "appear in person…for a hearing on March 1, 2022, at 10:00 *a.m.*". *See 02/25/2022 Case Announcements #2,* 2022-Ohio-548 ¶6 (Kennedy, J., dissenting); *see also 02/24/2022 Case Announcements #3,* 2022-Ohio-518.

51. Subsequently, the hearing on March 1, 2022, was continued indefinitely. *See 02/25/2022 Case Announcements #3*, 2022-Ohio-558.

### *General Assembly District Map 3 is Adopted and then Invalidated*

52. Instead, on February 24, 2022, the Ohio Redistricting Commission adopted a third General Assembly-district plan, *i.e.. Map 3*, for the Ohio House of Representatives and the Ohio State Senate.

53. As before, the various special interest groups and individuals that filed the lawsuit challenging *Map 1* and *Map 2*, filed objections with the Ohio Supreme Court challenging *Map 3*.

54. On March 16, 2022, the Ohio Supreme Court sustained, in a 4-to-3 decision, the objections relating to the *Map 3* and invalidated *Map 3*. *See League of Women Voters of Ohio v. Ohio Redistricting Comm'n*, __ Ohio St. 3d__, __ N.E.3d__, 2022-Ohio-789. The majority of the

Ohio Supreme Court further ordered the Ohio Redistricting Commission to adopt a new General Assembly-district plan no later than March 28, 2022.

*General Assembly District Map 4 is Adopted and then Invalidated*

55. March 28, 2022, the Ohio Redistricting Commission adopted a fourth General Assembly-district plan, *i.e.. Map 4*, for the Ohio House of Representatives and the Ohio State Senate.

56. As before, the various special interest groups and individuals that filed the lawsuit challenging *Map 1, Map 2* and *Map 3*, filed objections with the Ohio Supreme Court challenging *Map 4*.

57. On April 14, 2022, the Ohio Supreme Court sustained, in a 4-to-3 decision, the objections relating to the *Map 4* and invalidated *Map 4*. *See League of Women Voters of Ohio v. Ohio Redistricting Comm'n*, __ Ohio St. 3d__, __ N.E.3d__, 2022-Ohio-1235. The majority of the Ohio Supreme Court further ordered the Ohio Redistricting Commission to adopt a new General Assembly-district plan no later than May 6, 2022.

*General Assembly District Map 5 is Adopted and then Invalidated*

58. On May 5, 2022, the Ohio Redistricting Commission adopted a fifth General Assembly-district plan, *i.e.. Map 5*, for the Ohio House of Representatives and the Ohio State Senate, which was the same as *Map 3* but was purportedly on for use in the 2022 elections.

59. As before, the various special interest groups and individuals that filed the lawsuit challenging *Map 1, Map 2, Map 3* and *Map 4*, filed objections with the Ohio Supreme Court challenging *Map 5*.

60. On May 25, 2022, the Ohio Supreme Court sustained, in a 4-to-3 decision, the objections relating to the *Map 5* and invalidated *Map 4*. *See League of Women Voters of Ohio v.*

*Ohio Redistricting Comm'n*, __ Ohio St. 3d__, __ N.E.3d__, 2022-Ohio-1727. The majority of the Ohio Supreme Court further ordered the Ohio Redistricting Commission to adopt a new General Assembly-district plan no later than June 3, 2022.

### *When state officials failed to adopt a validate state legislative district map, a three-judge panel of this Court imposed a constitutionally-necessary remedy*

61. Thus, to date, no valid state legislative district map has been adopted by the Ohio Redistricting Commission or any state entity.

62. Having afforded the state officials ample opportunity to adopt a valid state legislative district map but after *Map* 4 had been invalided on April 14, 2022, a three-judge panel of this Court ultimately had to intervene to protect the constitutional rights of the people of the State of Ohio. Recognizing that "[b]y now everyone agrees that legal and practical requirements preclude Ohio from holding a primary election for its state legislature on May 3, the date provided by statute," the three-judge panel still held out "hope that the State can resolve the deadlock. But the Supreme Court has told us that at some point we must intervene to protect the right to vote." *Gonidakis v. LaRose*, No. 2:22-cv-0773, 2022 U.S. Dist. LEXIS 72172, at *5-6, 2022 WL 1175617 (S.D. Ohio Apr. 20, 2022).

63. While not immediately ordering relief, the three-judge panel in the foregoing case was clear as to what would occur come May 28, 2022, if the state officials could not complete the task of redistricting the state legislature:

> So we stay our hand until May 28. But if the State remains unable to implement its own valid map that satisfies federal law, then we must implement Map 3 to safeguard the rights of Ohio's voters…. [and ]we will order that the state-legislative primary races be held on the special-election date of August 2, 2022.

*Gonidakis v. LaRose*, No. 2:22-cv-0773, 2022 U.S. Dist. LEXIS 72172, at *8-9, 2022 WL 1175617 (S.D. Ohio Apr. 20, 2022).

64. Ultimately, though not surprising, officials with the State of Ohio did not adopt a valid

map for the state legislative districts by May 28, 2022.

65. There upon, the three-judge panel in the foregoing case issued an order on May 27, 2022, implementing its prior pronouncement: "[a]ssuming no [state legislative district] map is approved by midnight on Saturday, May 28, we order Secretary of State Frank LaRose to push back Ohio's state primaries to August 2, 2022, and to implement Map 3 for this year's elections only." *Gonidakis v. LaRose*, 2022 U.S. Dist. LEXIS 95341, at *5 (S.D. Ohio May 27, 2022).

66. In response thereto, Secretary LaROSE issued *Directive 2022-034, i.e.*, *Exhibit A*.

67. As a result of *Directive 2022-034,* the declaration of candidacy and supporting petition of JENNIFER GIROUX will not be processed by the HAMILTON COUNTY BOARD OF ELECTIONS and, in turn, the HAMILTON COUNTY BOARD OF ELECTIONS will reject the candidacy of JENNIFER GIROUX for state representative and not place her name on the ballot at the forthcoming primary election now being held on August 2, 2022.

## CAUSE OF ACTION
### (Violation of the First and Fourteenth Amendments, 42 U.S.C. § 1983)

68. Plaintiff incorporates by reference all of the foregoing paragraphs as if fully restated herein.

69. As a direct and proximate result of the foregoing conduct or threatened conduct by the various Defendants as set forth above, the First Amendment rights of Plaintiffs JENNIFER GIROUX and LISA DALY, as well as others, have been violated and are threatened with continued violation.

70. As a direct and proximate result of the foregoing conduct or threatened conduct by the various Defendants as set forth above, Plaintiffs have been denied and are threatened with continual denial equal protection of the laws in violation of the Equal Protection Clause of the Fourteenth Amendment.

71. As a direct and proximate result of the foregoing conduct or threatened conduct by the various Defendants as set forth above, Plaintiffs have been damaged.

72. As a direct and proximate result of the foregoing conduct or threatened conduct by the various Defendants as set forth above, the ballot access restrictions imposed by *Directive 2022-034* are unconstitutional as they fail to satisfy the requirements of *Anderson v. Celebrezze*, 460 U.S. 780, 786 (1983), and its progeny, and, in so doing, Defendants have infringed and violated the free speech and associational rights of Plaintiffs, and others, as well as have denied them equal protection of law.

WHEREFORE, Plaintiffs JENNIFER GIROUX and LISA DALY pray for judgment as follows:

A. that this Court render a declaratory judgment declaring as unconstitutional *Directive 2022-034* to the extent it seeks to impose a filing deadline for declaration of candidacy and the associated petition (i) 6 months before the actual primary date of August 2, 2022; or (ii) before the final determination and adoption of the state legislative district maps for which individuals would be candidates in the primary election to be held on August 2, 2022.

B. that this Court issue an injunction restraining the enforcement of *Directive 2022-034* to the extent it seeks to impose a filing deadline for declaration of candidacy and associated petition (i) 6 months before the actual primary date of August 2, 2022; or (ii) before the final determination and adoption of the state legislative district maps for which individuals would be candidates in the primary election to be held on August 2, 2022.

C. that this Court issue an injunction directing the HAMILTON COUNTY BOARD OF ELECTIONS and its individual members immediately to process the declaration of candidacy and petition filed by JENNIFER GIROUX on May 1, 2022, consistent with the

process of all other declarations of candidacy and petitions of those seeking to appear on the ballot at the forthcoming primary election and, in turn, to proceed to place the name of JENNIFER GIROUX on the ballot at the forthcoming primary election to be held on August 2, 2022, as a candidate for state representative for her respective district based on the state legislative district map adopted by a three-judge panel of this Court effective May 28, 2022, together with any other relief to which she may be entitled in equity or in law.

C. that this Court retain jurisdiction of this matter for the purpose of enforcing its Order;

D. that this Court award damages against the Defendants of at least nominal damages;

F. that this Court award Plaintiff's costs and expenses of this action, including a reasonable attorneys' fees award, in accordance with 42 U.S.C. § 1988;

G. that this Court grant any other relief to which Plaintiffs may be entitled, in law or in equity.

                Respectfully submitted,

                /s/ *Curt C. Hartman*
                Curt C. Hartman
                The Law Firm of Curt C. Hartman
                7394 Ridgepoint Drive, Suite 8
                Cincinnati, OH  45230
                (513) 379-2923
                *hartmanlawfirm@fuse.net*

                Christopher P. Finney
                Finney Law Firm LLC
                4270 Ivy Pointe Blvd., Suite 225
                Cincinnati, OH  45245
                (513) 943-6650
                *chris@finneylawfirm.com*

## VERIFICATION

I, Jennifer Giroux, declare, under penalty of perjury, that I have read the foregoing *Verified Complaint* and the facts alleged therein relating to me and my conduct are true and correct. Executed this 1st day of June 2022, in Hamilton County, Ohio.

                                              */s/ Jennifer Giroux*
                                              Jennifer Giroux